UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL M. JOHNSON                                              CIVIL ACTION

VERSUS                                                       NO. 12-706-RLB

ATTORNEY OFFICE OF NEWMAN,                                   CONSENT CASE
MATHIS, BRADY & SPEDALE

**ORDER**

This matter is before the court on Plaintiff's motion entitled "In Re of Responds to Request for Initial Disclosure/Discovery, Motion for default judgment in accord with FRCPA Rule (37A)" (R. Doc. 17). Defendant filed an opposition (R. Doc. 18). Plaintiff filed a similar motion on March 12, 2013 (R. Doc. 7). The court dismissed that earlier motion as premature, but granted leave to Plaintiff to re-file after the parties held a Rule 26(f) conference (R. Doc. 13).

The parties have consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c).

I. Background

This case concerns allegations by Paul M. Johnson ("Plaintiff") that the law firm Newman, Mathis, Brady & Spedale ("Defendant") violated federal law in its efforts to collect upon a debt owed by Plaintiff. Defendant represented Plaintiff's creditor, Family Financial Services, in a debt collection action brought in Baton Rouge City Court and obtained a default judgment for Family Financial Services on May 14, 2009. (R. Doc. 1 at 3). Three years later, on May 14, 2012, Defendant filed a Petition of Garnishment on behalf of Family Financial Services seeking to garnish Plaintiff's wages. (R. Doc. 1 at 4). It appears that Plaintiff contacted Baton Rouge City Court on or prior to October 1, 2012 regarding the default judgment, and was informed by the state court that if he believed judgment was obtained in error he should "seek

legal advice and file the proper pleading." (R. Doc. 1 at 14).  On November 13, 2012, Plaintiff filed a complaint in this court against the Defendant alleging, among other things, that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") while proceeding to collect upon Plaintiff's debt.  (R. Doc. 1).

On March 7, 2013, the court held a Rule 16 scheduling conference.  The court issued a scheduling order establishing April 30, 2013 as the deadline to exchange initial disclosures and June 17, 2013 as the deadline to complete discovery and to file all discovery motions.  (R. Doc. 12).

Plaintiff filed the instant motion on June 17, 2013.  Plaintiff is not represented by counsel and his motion is difficult to decipher.  The motion appears to request the court to award the sanction of default judgment for the failure of Defendant to produce certain documents "demanded" by Plaintiff in an attachment submitted with his complaint under Rule 37(b)(a)(A)(vi).  More specifically, it appears that Plaintiff is arguing that Defendant has violated a discovery order by failing to produce the demanded documents within 21 days of being served the complaint and summons or otherwise as part of its Rule 26(a) initial disclosures.

**II.   Law & Analysis**

It appears that Plaintiff is arguing that Defendant had a duty under the Federal Rules of Civil Procedure to produce certain documents "demanded" in an attachment to Plaintiff's complaint.  Plaintiff attached to his complaint a statement notarized on May 29, 2012 bearing the Baton Rouge City Court's docket number for the underlying action to collect on Plaintiff's debt.  (R. Doc. 1 at 7-10).  It is unclear whether Plaintiff filed this statement in Baton Rouge City Court.  In the statement, Plaintiff demands the following documents to be produced by Defendant:

1. copy of license to practice law from Louisiana Secretary of State
2. copy of your oath of office to uphold the constitution of the United States
3. copy of your declaration of authority order (DOAO)
4. Supreme Court Order for you to practice law outside the jurisdiction of the courts
5. copy of tax form IW9, W9, 1042 showing whether you are foreign or domestic
6. do you derive your authority from the state of Louisiana? if so send copy of document showing whether Louisiana enter into the union of states on equal footing
7. copy of document showing Louisiana is a state or a possessory territory.

(R. Doc. 1 at 9). Plaintiff also demands Defendant "to prepare and produce a list of all and any participant in this matter (fraud) and to produce any written or express consent for your are your client to contact me." (R. Doc. 1 at 9).

In his motion, Plaintiff claims that Defendant has provided "incomplete disclosure[s], answers or response[s]" as follows:

1. [Plaintiff] has not been presented with lawfully created contracts between [Plaintiff] and defendant and doesn't believe any exist.
2. [Plaintiff] has not been presented with any lawful document to prove defendant has proper standing nor the capacity to suit.
3. [Plaintiff] hasn't been presented with any document showing defendant has subject matter jurisdiction, territories, venue, personnel etc.
4. [Plaintiff] hasn't been presented with any documents from congress showing that defendants and the inferior courts, has authority to commence, prosecute and hold court dispute the 11th amendment, a delegation of authority order (DOAO) and doesn't belief any exist.
5. [Plaintiff] hasn't been presented with an affidavit by defendants client sworn under oath that they have suffered injury at the hands of [Plaintiff] and doesn't believe one exist.
6. [Plaintiff] has never been presented with any document giving the defendant any grounds to interfere with [Plaintiff's] commercial affairs, to trespass against [Plaintiff's] property, to interfere and abrogate [Plaintiff's] rights to life, liberty, and the pursuit of happiness. And doesn't believe any exist.

(R. Doc. 17-1 at 2).

Plaintiff appears to argue that the summons served on Defendant in this action constituted a discovery order issued by the court, thus subjecting Defendant to potential default judgment under Rule 37(b)(2)(A)(vi) if Defendant failed to comply with the summons. (R. Doc. 17 at 2). A summons is not a discovery order. *See* Fed. R. Civ. P. 4. Thus, the sanction of a default

judgment under Rule 37(b) is wholly inapplicable with regard to any failure to respond to a summons. Furthermore, Defendant filed a timely answer on February 8, 2013 after it was issued the summons. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To the extent Plaintiff may be requesting the court to enter default judgment under Rule 55, the court finds that Defendant has not failed to submit a proper pleading in response to Plaintiff's complaint and summons and, therefore, is not subject to default judgment under that rule as well. *See* Fed. R. Civ. P. 55(a).

Plaintiff further appears to argue that Defendant had a duty to produce responses to Plaintiff's demands attached to its complaint under Rule 26(a). In the section of Plaintiff's motion entitled "Affidavit/Declaration of Rebuttal"[1]—which the court interprets to be in part a memorandum in support of the instant motion and in part an opposition to Defendant's motion for summary judgment[2]—Plaintiff states that he was provided with Defendant's Rule 26(a) initial disclosures on April 23, 2013. (R. Doc. 17-1 at 1). Plaintiff claims that Defendant's initial disclosures are insufficient as follows:

> Upon proper view of the documents handed to [Plaintiff] during the meeting, [Plaintiff] discovered that [Defendant's] disclosure documents were fraudulent and not in accord with [Plaintiff's] demand for disclosure/discovery with FRCP Rule 26(a)(1), Rule 16, Rule 34(a)(1)(a), Rule 44(a)(1)(a)(b), Rule 44(2)(a)(b)(c). In accord with [FRCP] 17(a)-17(3)(B) the Defendant has not produced any disclosure documents that would allow Defendant standing in interest, venue, jurisdiction, personal/subject matter or otherwise. However the contents of Defendant allege disclosure consist of alleged a judicative action/discovery, judgment which was entered into the court under fraudulent pretense, with intent to deceive or mislead. [Defendant] never produced any form or standing, venue, and or jurisdiction, once against failing to follow procedure of court rules state, city and/or federal. As the allege disclosure will show (see attachment [Defendant's Initial Disclosures]).

---

[1] This document is not notarized.
[2] Defendant moved for summary judgment on May 15, 2013 (R. Doc. 15) and that motion is still pending before the court. The instant motion filed by Plaintiff appears to contain arguments in opposition to Defendant's motion for summary judgment. As Plaintiff is unrepresented by counsel, the court will consider those arguments when ruling on Defendant's motion for summary judgment.

4

(R. Doc. 17-1 at 2). The court interprets this statement as arguing that Defendant has failed to respond to the demands attached to the complaint through its initial disclosures.

Contrary to Plaintiff's assertions, Defendant did not have a duty to disclose the documents and information demanded by Plaintiff in the attachment to its complaint. Rule 26(a) requires a party to provide the following initial disclosures without awaiting a discovery request from the opposing party:

>  (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
>  (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
>  (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
>  (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). After reviewing Defendant's initial disclosures provided to Plaintiff on April 23, 2013, the court finds that those disclosures comply with Rule 26(a). Defendant identified individuals likely to have discoverable information, identified and produced documents in its custody or control that it may use to support its claims or defenses, and informed Plaintiff that it had no computation of damages or insurance agreements to disclose. (R. Doc. 17-2). In short, Defendant complied with Rule 26(a) and had no duty to respond to Plaintiff's demands through its initial disclosures.

5

Plaintiff also appears to argue that the demands submitted with his complaint consisted of discovery requests authorized under the Federal Rules of Civil Procedure. To be clear, the demands submitted with Plaintiff's complaint do not constitute discovery requests authorized under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."); *see also* L.R. 26.1 (discussing the format required for discovery requests in this court). The document on which Plaintiff asserts its demands is dated May 29, 2012 and was attached to his complaint filed on November 13, 2012. There is no indication in the record that Plaintiff served these demands on Defendant after the court's Rule 16 scheduling conference on March 27, 2013 or the parties' Rule 26(f) conference on April 23, 2013.[3] Discovery cannot begin before the Rule 26(f) conference, and the conference cannot take place until the case is filed in federal court. Therefore, the court cannot entertain a motion to compel responses to discovery requested prior to the initiation of the action or at the time the complaint is filed.[4]

Plaintiff may also be requesting the court to compel production of the documents he demanded in the attachment to his complaint. Rule 37(a)(1) requires a party compelling discovery to "include a certification that the movant has in good faith conferred or attempted to

---

[3] There is also no indication in the record that Plaintiff submitted his initial disclosures to Defendant in accordance by the court's deadline. (*See* R. Doc. 12). The court further notes that Plaintiff does not assert that he has propounded written discovery on Defendant in the form of interrogatories under Rule 33, requests for production under Rule 34, or any other form of discovery allowed by the Federal Rules of Civil Procedure and the Local Rules. Defendant asserts in its opposition that the "plaintiff has not sought to undertake any discovery, so there is no failure to cooperate in discovery." (R. Doc. 18 at 8). Plaintiff does not attach to his motion any discovery propounded on Defendant after the court's Rule 16(b) conference on March 27, 2013 or after the Rule 26(f) conference was held between the parties on April 23, 2013.

[4] Plaintiff may also be arguing that his alleged communications with Defendant "to show [its] error in [its] unlawful action against" Plaintiff constituted discovery requests. Those alleged communications occurred on May 30, 2012, June 7, 2012, and September 24, 2012 (R. Doc. 17 at 1) and, therefore, preceded this federal action and cannot consist of discovery issued in this action. It appears to the court that one (or all) of these communications is attached to the complaint. (R. Doc. 1 at 11-12).

6

confer with" the opposing party to resolve the issue outside of court. Plaintiff failed to attach a Rule 37(a)(1) certification to his motion.[5] Plaintiff's motion, therefore, is also denied because Plaintiff failed to comply with Rule 37(a)(1). *See*, *e.g.*, *Joffrion v. Excel Maint. Servs., Inc.*, No. 11-00528, 2011 WL 6003196, at *1 (M.D. La. Nov. 30, 2011) (denying plaintiff's motion to compel "because he failed to submit a certification with his motion that he conferred (or attempted to confer) with the defendants prior to filing . . . in an effort at resolving the discovery dispute without court intervention").

Finally, Plaintiff inserts in his motion two additional requests that the court will summarily deny. First, Plaintiff makes a passing reference to seeking dismissal under Rule 12 of an alleged "interpleader allegation" by Richard L. Crawford, defense counsel and an attorney at Newman, Mathis, Brady & Spedale. (R. Doc. 17 at 3). The court denies this request as this lawsuit does not involve interpleader under Rule 22, 28 U.S.C. § 1335, or any other authority. Second, Plaintiff appears to request to amend his complaint to make additional assertions under various additional federal statutes. (R. Doc. 17 at 3-4). The deadline for amending the complaint was May 1, 2013. (R. Doc. 12). Plaintiff has not provided good cause for modification of this deadline and the request will, therefore, be denied. *See* Fed. R. Civ. P. 16(b)(4).

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for default judgment (R. Doc. 17) is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 23, 2013.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[5] Furthermore, the court has ordered that "[a]ny motions filed regarding written discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and statingDecember 23, 2013 why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 12 at 1-2).